**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevlin Omar Brown, | No. CV-23-00475-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before this Court is Kevlin Omar Brown's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition"). (Doc. 14). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Amended Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 29 at 3–9). The R&R further recommends that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied. (*Id.* at 10).

## I.     Review of an R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also* 28 U.S.C. § 636(b)(1)(C) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made").

District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added).

In this case, Petitioner does not object to the R&R's finding that his claim is barred as untimely under the AEDPA. (Doc. 32 at 1–2). The Court therefore accepts and adopts the findings of the Magistrate Judge on this ground and declares this federal habeas proceeding untimely. (Doc. 29 at 4–9). Petitioner did object to the R&R on the ground of actual innocence. (Doc. 32 at 1–2). The Court will review this objection *de novo*. *Reyna-Tapia*, 328 F.3d at 1121.

## II.   Factual and Procedural Background

The R&R summarized the factual and procedural history and neither party objected to this history. (Doc. 29 at 1–3). Accordingly, the Court adopts the facts and procedural history summarized in the R&R. The Court briefly summarizes the facts relevant to Petitioner's actual innocence objection below.

In December 2017, a jury in Pinal County, Arizona convicted Petitioner of (i) possession of marijuana for sale and (ii) transportation of marijuana for sale. (*Id.* at 1). The trial court dismissed Count One as a lesser-included offense of Count Two. (*Id.*). Because the trial court found that Petitioner had three prior felony convictions, Petitioner was sentenced as a repetitive offender to a prison term of seven-and-a-half years. (*Id.*; Doc. 25 at 2). Petitioner filed several motions in state court in 2021 and 2022 related to Proposition 207, requesting that his conviction be expunged following the legalization of recreational marijuana. (Doc. 25 at 7–9; Doc. 29 at 2). All of these motions were denied. (Doc. 29 at 2). Petitioner also challenged the prosecution's use of his prior felony convictions. (Doc. 25 at 10). The Arizona Court of Appeals and Arizona Supreme Court found no error on this ground. (*Id.*).

## III.   R&R

On November 7, 2023, the Magistrate Judge issued an R&R recommending that the Amended Petition be denied as barred by the AEDPA's statute of limitations. (Doc. 29 at 3–9). The Magistrate Judge also considered whether Petitioner raised a claim of actual

1  innocence that would overcome the untimeliness of this federal habeas proceeding. (*Id.* at 9). As the Magistrate Judge noted, a petitioner invoking the actual innocence gateway must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." (*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995))). The Magistrate Judge determined that Petitioner did not present any new reliable evidence that he is factually innocent. (*Id.* at 9–10). Because Petitioner failed to satisfy his burden of producing new reliable evidence, the Magistrate Judge recommends that this Court dismiss the Amended Petition with prejudice. (*Id.* at 10).

## IV. Petitioner's Objections

Petitioner objects to the R&R on actual innocence grounds. Petitioner argues that his conviction was "obtain[ed] by improper means and evidence." (Doc. 32 at 1). He asserts that the prosecution knowingly used his "historical priors" as "false evidence to convict [him] and enhance [his] sentence." (*Id.* at 2; Doc. 14 at 7–8). Petitioner also asserts that his trial contained "a pattern of prosecutorial misconduct that so infect[ed] the integrity of the proceedings as to warrant the grant of habeas relief." (*Id.*). Respondent argues that the Amended Petition is untimely and that Petitioner has not presented any new reliable evidence as required to access the actual innocence gateway. (Doc. 25 at 21; Doc. 33 at 1).

As noted by the Magistrate Judge, a petitioner seeking federal habeas review under the actual innocence gateway must establish his "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *accord Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003). A petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *accord Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011). If Petitioner presents new reliable evidence of factual innocence, Petitioner "must show that it is more likely than not that that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at

- 3 -

327).

Here, Petitioner does not present any new reliable evidence of factual innocence. In his Amended Petition and Objection to the R&R, Petitioner claims that the prosecution's reliance on his prior convictions was "false evidence," but the convictions are not new factual evidence that would allow him to pass through the actual innocence gateway. *See Schlup*, 513 U.S. at 324 (describing "new reliable evidence" as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). Moreover, state courts have already considered and rejected this claim. (Doc. 25 at 21). Petitioner also argues in his Amended Petition that he was sentenced to seven-and-a-half years for a marijuana-related offense when "the state has adopted the use of medical marijuana and [marijuana for] recreational purposes." (Doc. 14 at 4–6). This argument is neither factual nor new. The trial court determined that Petitioner's conviction for transportation of marijuana for sale is not eligible for expungement under Proposition 207, and Petitioner has challenged this unsuccessfully in several subsequent state court proceedings. (Doc. 25 at 7–9; Doc. 29 at 2). Beyond the grounds described, Petitioner does not elaborate on his claims regarding prosecutorial misconduct and improper evidence.

Because Petitioner does not provide any new reliable evidence of his factual innocence, the Court adopts the Magistrate Judge's conclusion that the actual innocence gateway does not apply. (Doc. 29 at 9–10). This proceeding is therefore procedurally barred by the AEDPA's statute of limitations.

## V.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Report & Recommendation (Doc. 29) is accepted and adopted; the objections (Doc. 32) are overruled. The Petition in this case is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied. Dismissal of this Amended Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S.

473, 484 (2000). Further, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 10th day of April, 2024.

James A. Teilborg
Senior United States District Judge